ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
WING YAN WONG, ESQ.
Nevada Bar No. 13622
GORDON REES SCULLY MANSIKHANI,LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada  89101
Telephone:  (702) 577-9300
Direct:  (702) 577-9310
Facsimile:  (702) 255-2858
E-Mail: rlarsen@grsm.com
          wwong@grsm.com

*Attorneys for Portfolio Recovery Associates, LLC*

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV  89101

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER DEL RIVERO, | Case No.:   2:17-cv-01606-JAD-CWH |
| Plaintiff, | |
| vs. | **[PROPOSED]**<br>**STIPULATED PROTECTIVE**<br>**ORDER** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability company; and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Javier Del Rivero and Defendants Portfolio Recovery Associates, LLC and Experian Information Solutions, Inc. (collectively, the "parties"), through their respective counsel of record, that this [Proposed] Stipulated Protective Order ("Protective Order") shall govern all information and documents disclosed or produced in this case, including information and documents that may be disclosed or produced before this Protective Order is entered by the Court.

WHEREAS the parties to this case may be required to disclose to the other certain sensitive, personal, confidential and/or proprietary information and documents relating to the subject matter of this litigation, the unauthorized use or disclosure of which is likely to cause harm to the party producing such information or contravene an obligation of confidentiality to a third person or to a court.

1    Accordingly, the parties hereby stipulate to and petition the Court to enter the Protective

2 Order, pursuant to Fed. R. Civ. P. 26(c). The parties acknowledge that this Protective Order does

3 not confer blanket protections on all disclosures or responses to discovery and that the protection

4 it affords extends only to the limited information or items that are entitled to treatment as

5 confidential under applicable state or federal law. The parties further acknowledge that this

6 Protective Order creates no entitlement to file confidential information under seal; the parties

7 shall follow the applicable rules when seeking permission from the Court to file material under

8 seal. The parties respectfully request that this Court enter the [Proposed] Stipulated Protective

9 Order on the following terms:

10 **I.    DEFINITIONS**

11    The following Definitions shall apply in this Order:

12    A.    The term "**Confidential Information**" will mean and include information

13 contained or disclosed in any materials, including documents, portions of documents, answers to

14 interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and

15 transcripts of trial testimony and depositions, including data, summaries, and compilations

16 derived therefrom that is deemed to be Confidential Information by any party to which it

17 belongs.

18    B.    The term "**Materials**" will include, but is not limited to: documents;

19 correspondence; memoranda; financial information; email; specifications; marketing plans;

20 marketing budgets; customer information; materials that identify customers or potential

21 customers; price lists or schedules or other matter identifying pricing; minutes; letters;

22 statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets;

23 forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings;

24 photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other

25 notes; business reports; instructions; disclosures; other writings; records of website development;

26 and internet archives.

27    C.    The term "**Counsel**" will mean outside counsel of record, and other attorneys,

28 paralegals, secretaries, and other support staff employed in the following law

-2-

firms: The Law Office of Vernon Nelson, PLLC; Gordon Rees Scully Mansukhani, LLP; Naylor & Braster; and Jones Day.

## II.  LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

The following provisions shall apply in this litigation:

1. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(a)     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

(b)     Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, customer related data or other commercial information.

2. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)   the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."   Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as Confidential Information.

(b)   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), and the court reporter; and

(c)   The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4.   All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.   Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by:

(a)   Counsel (as defined in paragraph I.C., above) of the receiving party;

(b)   Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order,"

-4-

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

        (c)    The Court and any Court staff and administrative personnel;

        (d)    Any court reporter employed in this litigation and acting in that capacity; and

        (e)    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

6.    Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

        (a)    Party principals or executives who are required to participate in policy decisions with reference to this action;

        (b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

        (c)    Stenographic and clerical employees associated with the individuals identified above.

7.    All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The designation does not apply to principals, employees, or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY".

8.    Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as

Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal and comply with the requirements of the Civil Local Rules. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, nothing in this Order shall prevent a party from using at trial any information or Materials designated as Confidential Information.

9.      Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action.

10.     At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

11.     All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12.     Except as set forth in paragraph 13 below, no party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials to unauthorized person(s) before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure, take reasonable steps to notify the unauthorized person(s) of such designation under this Order, and make every effort to prevent further disclosure by the party and by the unauthorized person(s). Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

14. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

16. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17. Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

18. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

19. Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information, whether on paper or

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

in electronic format from all machine-readable media on which it resides, and must return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

21. Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

(c) All such designations must be made within thirty (30) days of the date of this Order.

22. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

25. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

26. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" designation may be the subject of further agreement of the Parties or order of the Court.

DATED this 6th day of February, 2018.

**GORDON REES SCULLY MANSUKHANI, LLP**

_____/s/ Wing Yan Wong_____
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Wing Yan Wong, Esq.
Nevada Bar No. 13622
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant Portfolio Recovery Associates, LLC*


**NAYLOR & BRASTER**

_____/s/ Jennifer Braster_____
Jennifer Braster, Esq.
Nevada Bar No. 9982
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Defendant Experian Information Solutions, Inc.*

**THE LAW OFFICE OF VERNON NELSON**

_____/s/ Melissa Ingleby_____
Vernon A. Nelson, Jr., Esq.
Nevada Bar No. 6434
Melissa Ingleby
Nevada Bar No. 12935
9480 S. Eastern Ave., Suite 244
Las Vegas, NV 89123

*Attorneys for Plaintiff Javier Del Rivero*


## ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2018
_____

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAVIER DEL RIVERO,<br><br>                    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a<br>foreign limited liability company; and EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br><br>                    Defendants. | Case No.:   2:17-cv-01606-JAD-CWH<br><br>**[PROPOSED]**<br>**STIPULATED PROTECTIVE**<br>**ORDER** |

I, _____, declare and say that:

1.       I am employed as _____ by _____.

2.       I have read the Stipulated Protective Order (the "Order") entered in *Javier Del Rivero v. Portfolio Recovery Associates, LLC, et al.,* United States District Court, District of Nevada, Case No: 17-cv-01606, and have received a copy of the Order.

3.       I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.       I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs II.3, 5 and 6 of the Order.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1    5.    I acknowledge that, by signing this agreement, I am subjecting myself to the

2    jurisdiction of the United States District Court for the District of Nevada with respect to the

3    enforcement of the Order.

4    6.    I understand that any disclosure or use of "Confidential" or "Confidential – For

5    Counsel Only" information in any manner contrary to the provisions of the Order may subject

6    me to sanctions for contempt of court.

7    7.    I will return all "Confidential" or "Confidential – For Counsel Only" Materials (as

8    defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I

9    shall not retain any copies of said Materials or any information contained within "Confidential"

10   or "Confidential – For Counsel Only" Materials.

11   I declare under penalty of perjury that the foregoing is true and correct.

12

13   Date: _____

14   Signature: _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28